1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Allanna Warren,

Plaintiff,

v.

Anthem Blue Cross and Blue Shield,

Defendant.

Case No. 2:23-cv-01341-RFB-DJA

**Order**

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 1). Plaintiff also submitted a complaint. (ECF No. 1-1, 1-4, 1-5). Because the Court finds that Plaintiff's application is complete, it grants her application to proceed *in forma pauperis*. The Court also screens Plaintiff's complaint.

**I.     *In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.     Screening the complaint.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of

1  different states." Generally speaking, diversity jurisdiction exists only where there is "complete

2  diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each

3  of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

4          **A.**     ***Plaintiff's allegations.***

5          Plaintiff alleges that she began working for Defendant Blue Cross and Blue Shield—

6  through non-party temporary employment agency Apple One—on November 29, 2021. In

7  December 2021, a male coworker sexually harassed her and would not stop even after Plaintiff

8  asked. That same coworker then found a picture of Plaintiff and distributed it to other coworkers.

9  Defendant and Apple One informed Plaintiff on January 10, 2022 that they started an

10  investigation. But on January 11, 2023, Defendant locked Plaintiff out of her work account. On

11  January 12, 2022, Plaintiff had a meeting with representatives from both Apple One and

12  Defendant, which representatives told her that "everything was going back to normal." But on

13  January 18, 2022, Plaintiff was terminated.

14          Plaintiff brings her claims under Title VII of the Civil Rights Act of 1964, the Americans

15  with Disabilities Act ("ADA"), 42 U.S.C. § 1981, and 42 U.S.C. § 1983. She asserts that she was

16  subject to termination, unequal terms and conditions of employment, and retaliation. She asserts

17  that Defendant discriminated against her on the basis of race (African American), color (Black),

18  gender/sex (female), and disability (alopecia).[1]

19          1.     <u>Title VII.</u>

20          To prove a prima facie case of discrimination in violation of Title VII, Plaintiff must

21  establish: (a) she belonged to a protected class; (b) she was qualified for the position; (c) she was

22  subjected to an adverse employment action; and (d) similarly situated employees not in her

23  protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir.

24  2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002)). Although the

25  language of the statute refers to discrimination, courts have read into the law a prohibition on

26  _____

27  [1] Included with Plaintiff's complaint is a "document in support of access to efile on PACER" in
   which Plaintiff seeks e-filing access. (ECF No. 1-3). However, if Plaintiff wishes to register as

28  an electronic filer in this case under Local Rule IC 2-1, she must separately move for that relief.

1    sexual harassment.  *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 64–65 (1986); *Nichols v.*
2    *Azteca Rest. Enter.*, 256 F.3d 864, 871 (9th Cir. 2001).  To prove sexual harassment under a
3    "hostile work environment" theory, a plaintiff must show: (1) that she was subjected to verbal or
4    physical conduct of a sexual nature, (2) that this conduct was unwelcome, and (3) that the conduct
5    was sufficiently severe or pervasive to alter the conditions of the victim's employment as to
6    create an abusive working environment.  *Ellison v. Brady*, 924 F.2d 872, 875–76 (9th Cir. 1991).
7    Title VII also makes it unlawful to discriminate against an employee who makes a charge under
8    Title VII.  To establish a prima facie case of retaliation, a plaintiff must show that: (1) she was
9    engaged in an activity protected under Title VII, (2) she suffered an adverse employment action,
10   and (3) there was a casual link between her protected activity and the adverse employment action.
11   *Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir. 1987).

12          Here, Plaintiff has failed to plead sufficient facts to state a claim for race discrimination or
13   sexual harassment under Title VII.  Her race discrimination claim fails because Plaintiff has not
14   alleged that she was qualified for her position or that similarly situated employees not in her
15   protected class received more favorable treatment.  Her sexual harassment claim fails because she
16   has alleged no facts about the sexual harassment she faced and does not allege facts about the
17   protected activity she undertook.  Plaintiff simply alleges that her male coworker harassed her and
18   passed a photo of her around.  She does not otherwise describe the harassment or photo.   Plaintiff
19   also alleges that Defendant initiated an investigation, but does not allege that she engaged in
20   protected activity to start that investigation.  The Court thus dismisses Plaintiff's Title VII claim
21   without prejudice.

22               2.    ADA

23          The ADA makes it unlawful for covered entities, including private employers, to
24   "discriminate against a qualified individual on the basis of disability in regard to job application
25   procedures, the hiring, advancement, or discharge of employees, employee compensation, job
26   training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a); *see*
27   *also Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 477-78 (1999).  Discrimination includes the
28   failure to make "reasonable accommodations to the known physical or mental limitations of an

otherwise qualified individual who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship" on the entity's business operation.  42 U.S.C. § 12112(b)(5)(A).

To state a discrimination claim under the ADA, a plaintiff must allege that he or she: (1) is a disabled person within the meaning of the ADA; (2) is qualified, with or without reasonable accommodation, to perform the essential job functions; and (3) suffered an adverse employment action because of the disability.  *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012).  Only a "qualified individual with a disability" may state a claim for discrimination under the ADA.  *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1480–81 (9th Cir. 1996).  The ADA defines "qualified individual with a disability" as an "individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."  42 U.S.C. § 12111(8); 29 C.F.R. § 1630.2(m); *see also Kennedy*, 90 F.3d at 1481.  The ADA defines the term "disability" as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."  42 U.S.C. § 12102(1).

Here, Plaintiff alleges no facts that would support a colorable claim for discrimination under the ADA.  Plaintiff does not allege that she is disabled within the meaning of the ADA, that she is qualified to perform the essential function of her job, or that her termination was because of her disability.  The Court thus dismisses her ADA claim without prejudice.

3.      42 U.S.C. § 1981.

Section 1981 of Title 42 prohibits racial discrimination in the "benefits, privileges, terms and conditions" of employment.  42 U.S.C. § 1981(b).  Section 1981 authorizes private causes of action for racial discrimination, hostile work environment, and retaliation.  *See Surrell v. California Water Service Co.*, 518 F.3d 1097, 1106 (9th Cir. 2008).  To establish a prima face case of racial discrimination under § 1981, a plaintiff must show: (1) she is a member of a protected class; (2) she applied for a job for which she was qualified; (3) she was rejected; and (4)  the position remained open and the employer sought other similarly-qualified employees.

*Surrell*, 518 F.3d at 1105-1106.  To establish a prima facie case of hostile work environment under § 1981, a plaintiff must show: (1) the defendants subjected her to verbal or physical conduct because of her race; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment.  *Surrell*, 518 F.3d at 1108.  To establish a prima facie case of retaliation under § 1981, a plaintiff must show: (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action.  *Surrell*, 518 F.3d at 1108.

Here, Plaintiff's claims under 42 U.S.C. § 1981 fail because she does not allege sufficient facts to establish either racial discrimination, hostile work environment, or retaliation.  For racial discrimination, Plaintiff does not allege that she was rejected by Defendant.  To the contrary, she alleges that she was working for Defendant.  For hostile work environment, Plaintiff does not allege that Defendant subjected her to verbal or physical conduct because of her race.  For retaliation, Plaintiff does not allege that she was engaged in a protected activity or that there was a casual connection between that activity and her termination.  The Court thus dismisses Plaintiff's 42 U.S.C. § 1981 claims without prejudice.

### 4.   42 U.S.C. § 1983.

Plaintiff asserts a claim under 42 U.S.C. § 1983, a federal statute that provides a private right of action for the enforcement of provisions of the United States Constitution.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege, first, a deprivation of rights secured by the Constitution of the United States and, second, that the deprivation was committed by a defendant acting under the color of state law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).  Section 1983 does not create substantive rights; it is merely a procedural device used to enforce substantive provisions of the United States Constitution and federal statutes.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  Here, Plaintiff has not alleged that that Defendant was acting under color of state law when it deprived her of her rights under federal statutes.  *See Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1012 (9th Cir. 2020) ("Section 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong.") (internal citations and

quotations omitted).  The Court thus dismisses Plaintiff's 42 U.S.C. § 1983 claim without prejudice.

### III.  <u>Plaintiff's request for information.</u>

Plaintiff filed a motion titled "affidavit and request for information."  (ECF No. 4).  Plaintiff asks the Court for clarification because she received a notification from the Court with a different case number.  Plaintiff also asks the Court to confirm that "the court serves the defendants not the PLAINTIFF."

The Court construes Plaintiff's motion as a motion for clarification and grants the motion.  Plaintiff received two notifications because she has two separate cases against Anthem Blue Cross and Blue Shield.  This one (Case No. 2:23-cv-01341-RFB-DJA) and a second (Case No. 2:23-cv-01361-JAD-VCF).  Plaintiff has already recognized this error and moved to dismiss Case No. 2:23-cv-01361-JAD-VCF, which motion was granted on September 6, 2023.  Additionally, "a district court is not responsible for unilaterally having the marshal effectuate service of the summons and complaint just because Plaintiff was granted leave to proceed [*in forma pauperis*]." *Edwards v. California State Prison Los Angeles County*, No. cv-09-02584-GAF(AN), 2010 WL 11541582, at *2 (C.D. Cal. Mar. 8, 2010).  Moreover, Plaintiff's complaint has not yet passed screening.  Once Plaintiff's complaint passes screening, the Court will provide more information regarding service.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.**  Plaintiff shall not be required to pre-pay the filing fee.  Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF Nos. 1-1, 1-4, 1-5) on the docket but shall not issue summons.

1    **IT IS FURTHER ORDERED** that Plaintiff's complaint is **dismissed without prejudice**

2    **and with leave to amend.**

3    **IT IS FURTHER ORDERED** that Plaintiff shall have until **November 29, 2023** to file

4    an amended complaint to the extent she believes she can correct the noted deficiencies.  If

5    Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a

6    prior pleading (i.e., the original complaint) to make the amended complaint complete.  This is

7    because, generally, an amended complaint supersedes the original complaint.  Local Rule 15-1(a)

8    requires that an amended complaint be complete without reference to any prior pleading.  Once a

9    plaintiff files an amended complaint, the original complaint no longer serves any function in the

10   case.  Therefore, in an amended complaint, as in an original complaint, each claim and the

11   involvement of each Defendant must be sufficiently alleged.

12   **IT IS FURTHER ORDERED** that Plaintiff's "request for information" (ECF No. 4) is

13   construed as a motion for clarification and **granted** as outlined herein.

14

15   DATED: October 31, 2023

16   _____

17   DANIEL J. ALBREGTS
     UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28